UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

OPERATING ENGINEERS' LOCAL 324 FRINGE BENEFIT FUNDS and TRUSTEES OF THE OPERATING ENGINEERS' LOCAL 324 FRINGE BENEFIT FUNDS,

Plaintiffs, Case No. 16-10730

v.

HGS CONSTRUCTION RESOURCES, LLC, individually and conducting business under the assumed names of HGS CONSTRUCTION GROUP and HGS CONSTRUCTION; HOMELAND GOVERNMENT SERVICES, LLC, individually and conducting business under the assumed names of HOMELAND G. SERVICES, LLC, HGS CONSTRUCTION GROUP and HGS CONSTRUCTION; and DARKO MARTINOVSKI,

Defendants.
_____________________________________/

Jeffrey M. Lesser (P33298)
Attorney for Plaintiffs
39040 West Seven Mile Road
Livonia, Michigan 48152
(734) 464-3603
lesser@jeffreymlesser.com
_____________________________________/

**COMPLAINT**

NOW COME Plaintiffs to complain against Defendants as follows:

PARTIES, JURISDICTION AND VENUE

1. Plaintiffs, Operating Engineers' Local 324 Fringe Benefit Funds (the "Funds"), are jointly-administered trust funds established pursuant to Section 302 of the Labor-Management Relations Act of 1947, as amended (hereinafter "L. M. R. A."), 29 U. S. C. § 186, and are

administered in Bloomfield Township and Troy in Oakland County, Michigan. The Funds consist of the Operating Engineers' Local 324 Health Care Plan, Operating Engineers' Local 324 Pension Fund, Operating Engineers' Local 324 Retiree Benefit Fund, Operating Engineers' Local 324 Vacation and Holiday Fund, Operating Engineers' Local 324 Supplemental Vacation Fund, Operating Engineers' Local 324 Journeyman and Apprenticeship Training Fund, Operating Engineers' Local 324 Industry Advancement Fund and Operating Engineers' Local 324 Labor-Management Education Committee and Operating Engineers' Local 324 Defined Contribution Pension Plan.

2. The Funds are multiemployer employee benefit plans within the meaning of Section Three of the Employee Retirement Income Security Act of 1974, as amended (hereinafter "ERISA"), 29 U. S. C. § 1002.

3. Plaintiff Trustees of the Funds, who reside in the State of Michigan, are officially designated and are by law invested with management and control of the Funds, in compliance with Section 302 of the L. M. R. A., 29 U. S. C. § 186, and appear in this action as representatives of the participants and beneficiaries of the Funds.

4. Defendant HGS Construction Resources, LLC, individually and conducting business under the assumed names of HGS Construction Group and HGS Construction ("HGS Construction"), is a Michigan limited liability company with a principal place of business in Troy, Michigan.

5. Defendant Homeland Government Services, LLC, individually and conducting business under the assumed names of Homeland G. Services, LLC, HGS Construction Group and HGS Construction ("Homeland Government Services"), is a Delaware limited liability company with a principal place of business in Troy, Michigan. (HGS Construction and

Homeland Government Services will hereinafter be referred to as the "business entity.")

6. Individual Defendant Darko Martinovski resides in and/or conducts business in Troy, Michigan.

7. The business entity operates as a commonly controlled enterprise and as a single employer.

8. Defendants acted in concert to breach the obligations of the business entity to pay contributions and to divert money paid to the business entity to be held in trust for the Funds. (The term "Defendant" will hereinafter refer to all Defendants unless otherwise specified.)

9. Defendant is, or was at all relevant times, in an industry affecting commerce within the meaning of Section Four of ERISA, 29 U. S. C. § 1003 and Section 301 of the L. M. R. A., 29 U. S. C. § 185.

10. Jurisdiction of this Court is predicated on Section 502 of ERISA, 29 U. S. C. § 1132 and Section 301 of the L. M. R. A., 29 U. S. C. § 185, in this action to enforce provisions of multiemployer benefit plans and to remedy violations of a contract between an employer and a labor organization representing employees in an industry affecting commerce.

11. Venue is proper in this District pursuant to Section 502(e)(2) of ERISA, 29 U. S. C. §1132(e)(2), as the Funds are administered, the breach took place and Defendants reside and may be found in this District.

CLAIM FOR DAMAGES AND INJUNCTIVE RELIEF

12. Plaintiffs reallege paragraphs 1-11 inclusive of this Complaint and incorporate the same herein by reference.

13. During all periods of time relevant to this action, Defendant has been party to a collective bargaining agreement (hereinafter individually and collectively referred to as the

"collective bargaining agreement") with International Union of Operating Engineers, Local No. 324, 324-A, 324-B, 324-C and 324-D (the "Union"), a labor organization representing employees in an industry affecting commerce.

14. Pursuant to the collective bargaining agreement, Defendant agreed to make periodic payments to the Funds (hereinafter "contributions or "fringe benefit contributions"), such payments representing withheld wages and fringe benefits earned by employees of Defendant performing work covered under the collective bargaining agreement ("bargaining unit work") for the benefit of those employees, for the purpose of funding Defendant's employees' retirement benefits, medical coverage, vacation and holiday pay and other benefits of employment, and to comply with all policies and decisions of the Trustees of the Funds.

15. Pursuant to the collective bargaining agreement, Defendant agreed to pay contributions remitted with standard contribution forms by the fifteenth day of the month following the month in which hours were worked requiring such contributions.

16. Pursuant to the collective bargaining agreement, when such submission of payments and contribution forms described above is not made in a timely manner, Defendant agreed to pay liquidated damages and interest on contributions, and interest on liquidated damages from the dates they are assessed, along with attorney's fees and costs incurred in enforcing Defendant's obligations to the Funds, and interest on attorney's fees and costs from the dates they are incurred, with liquidated damages assessed at the greater of a flat ten percent or eighteen percent annual rate and interest assessed at a twelve percent annual rate.

17. Pursuant to the collective bargaining agreement, Defendant agreed to maintain accurate books and records of bargaining unit hours worked by its employees and to permit inspection and audit, at the discretion of the Funds, of all books and records necessary to

determine whether Defendant were making all contributions required by the collective bargaining agreement, and to pay all unpaid contributions disclosed in an audit, plus liquidated damages if the audit determined delinquencies in contributions.

18. Defendant maintains known indebtedness to the Funds in the amount of $16,961.62, consisting of $15,107.78 in fringe benefit contributions arising from work performed from September through November 2015, for which Defendant failed to submit reports to the Funds containing information about hours worked and income earned by Defendant's employees, as well as $1,114.69 in liquidated damages and $739.15 in interest.

19. Defendant's persistent flaunting of its contractual and statutory obligations to maintain records and report work performed under the collective bargaining agreement and to pay fringe benefit contributions in a timely manner constitutes willful dereliction of Defendant's obligations. Such dereliction has caused and will continue to cause irreparable injury to the participants and beneficiaries of the Funds, through jeopardizing their rights to benefits necessary to their health and well-being to which those beneficiaries are entitled.

20. The actions of Defendant described above threaten and continue to threaten the financial integrity of the Funds and impair their capacity to formulate funding standards, as well as cause the Funds to lose the monetary benefit of investment income that could be realized if Defendant's fringe benefit contributions based on accurate and complete payroll records were remitted in a timely fashion.

21. The actions of Defendant described above constitute actual threats of irreparable injury to the Funds and their participants and beneficiaries for which there is no adequate remedy at law, and public policy supports enjoining Defendant's activities.

22. The Funds have diligently requested Defendant to pay contributions in a timely

manner and to otherwise comply with its obligations so as not to impair the rights of the Funds and their participants and beneficiaries, but Defendant continues to violate its contractual and statutory obligations to the detriment of the Funds and their participants and beneficiaries.

23. In addition to Defendant's obligations under the collective bargaining agreement, it maintains obligations to the Funds under Section 502 of ERISA, 29 U. S. C. §1132(g)(2), which provides that when the trustees of multiemployer fringe benefit funds obtain a judgment in favor of the funds in litigation to collect unpaid contributions, the Court shall award the unpaid contributions, interest on the unpaid contributions, the greater of interest on unpaid contributions or liquidated damages provided for by the funds in an amount not to exceed twenty percent of the unpaid contributions, and reasonable attorney's fees and costs of the action, as well as all legal or equitable relief as the Court deems appropriate.

24. Defendant may have engaged in a pattern of fraud to avoid paying required fringe benefit contributions to the Funds and engaged in misconduct that includes converting money paid to the business entity for the purpose of paying fringe benefit contributions to the Funds or for the product of the labor of the Funds' participants, retaining money required to be held in trust under the Michigan Builders Trust Fund Act, M. C. L. A. §§ 570.151-53 for the benefit of the business entity's employees, withholding money from employee wages for transfer to the Funds but failing to do so, failing to submit monthly reports containing information about work performed by the business entity's employees and intentionally engaging in a scheme to deprive the Funds of money owing to them.

25. As owner, officer and the person who makes decisions with respect to the business entity's compliance with its obligations to the Funds, special circumstances exist to dictate that the individual Defendant maintains responsibility for the business entity's compliance with its

obligations to the Funds, on the basis that the individual Defendant with fraudulent intent improperly diverted money which the business entity and any other entity composing Defendant were required to hold in trust for payment of fringe benefit contributions to the Funds under the Michigan Builders Trust Fund Act, M. C. L. A. §§ 570.151-53, 29 C. F. R. § 2510.3-102, ERISA and principles of equitable subrogation and constructive trusts, exclusive of other reasons that may independently dictate that the individual Defendant maintains responsibility for the business entity's compliance with its obligations to the Funds.

26. The individual Defendant is a fiduciary of the Funds as a result of his exercise of authority and control over unpaid fringe benefit contributions that constitute assets of the Funds. The individual Defendant breached his fiduciary duties to the Funds by electing to use money within his authority and control for purposes other than paying required fringe benefit contributions to the Funds.

27. Each Defendant and any successor in interest to, alter ego of or other entity affiliated with or operated by any Defendant, jointly and severally maintain obligations to:

a. Pay the Funds $16,961.62 in known indebtedness plus liquidated damages and interest in that amount from this date forward, along with all other fringe benefit contributions, liquidated damages and interest determined to be owing as disclosed in an audit or other means, for work performed from August 2015 onward.

b. Produce all books and records necessary for the Funds to determine amounts the business entity owes for work performed from August 2015 through the date of the audit and to pay fringe benefit contributions determined to be owing in the audit, plus liquidated damages and interest.

c. File timely and accurate contribution reports with the Funds, remit required

fringe benefit contributions in a timely manner and otherwise ensure Defendant's compliance with its obligations to the Funds as set forth in any collective bargaining agreement of the business entity and any successor to the business entity requiring payment of contributions to the Funds during all periods through the present and all periods in the future in which any Defendant or a successor is obligated to do so.

d. Pay the Funds all attorney's fees, audit fees and other costs incurred by the Funds in connection with pursuing Defendant's compliance with its obligations to the Funds in any manner, whether incurred before or after judgment, without separate application to the Court.

e. Pay the Funds interest on fringe benefit contributions determined to be owing from the dates they became or become due, the greater of liquidated damages or interest on unpaid fringe benefit contributions, interest on liquidated damages on untimely-paid contributions determined to be owing from the dates they are assessed and interest on attorney's fees and costs from the dates they are incurred by the Funds, with liquidated damages accrued at the flat ten percent or eighteen percent annual rates used by the Funds and interest accrued at the twelve percent annual rate used by the Funds, in accordance with 29 U. S. C. § 1132(g)(2)(B) and (C).

WHEREFORE, Plaintiffs pray for this Honorable Court to issue a judgment containing the following provisions:

A. Commanding each Defendant and any successor in interest to or alter ego of each named Defendant to:

1. Pay the Funds $16,961.62 in known indebtedness plus liquidated damages and interest in that amount from this date forward, along with all other fringe benefit

contributions, liquidated damages and interest determined to be owing as disclosed in an audit or other means, for work performed from August 2015 onward.

2. Produce all books and records necessary for the Funds to determine amounts the business entity owes for work performed from August 2015 through the date of the audit and to pay fringe benefit contributions determined to be owing in the audit, plus liquidated damages and interest.

3. File timely and accurate contribution reports with the Funds, remit required fringe benefit contributions in a timely manner and otherwise ensure Defendant's compliance with its obligations to the Funds as set forth in any collective bargaining agreement of the business entity and any successor to the business entity requiring payment of contributions to the Funds during all periods through the present and all periods in the future in which any Defendant or a successor is obligated to do so.

4. Pay the Funds all attorney's fees, audit fees and other costs incurred by the Funds in connection with pursuing Defendant's compliance with its obligations to the Funds in any manner, whether incurred before or after judgment, without separate application to the Court.

5. Pay the Funds interest on fringe benefit contributions determined to be owing from the dates they became or become due, the greater of liquidated damages or interest on unpaid fringe benefit contributions, interest on liquidated damages on untimely-paid contributions determined to be owing from the dates they are assessed and interest on attorney's fees and costs from the dates they are incurred by the Funds, with liquidated damages accrued at the flat ten percent or eighteen percent annual rates used by the Funds and

interest accrued at the twelve percent annual rate used by the Funds, in accordance with 29 U. S. C. § 1132(g)(2)(B) and (C).

B. Granting Plaintiffs in any supplementary proceeding to enforce a judgment in this action the opportunity to state a sum certain owing to include fringe benefit contributions, liquidated damages, interest, attorney's fees and other costs incurred up to the date of such supplementary proceeding, certified through signature of Plaintiffs' counsel without further application to the Court, subject to Defendant's right to request a hearing regarding any dispute.

C. Awarding Plaintiffs all other relief that the Court deems appropriate.

Respectfully submitted,

s/Jeffrey M. Lesser

Jeffrey M. Lesser (P33298)
Attorney for Plaintiffs
39040 West Seven Mile Road
Livonia, Michigan 48152
(734) 464-3603
lesser@jeffreymlesser.com

Dated: March 1, 2016

C:\Users\Lesser\Desktop\clients\HGS Construction\Complaint.doc