UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

OPERATING ENGINEERS' LOCAL 324
FRINGE BENEFIT FUNDS, et al.,

        Plaintiffs,

v.

HGS CONSTRUCTION RESOURCES,
LLC, et al.,

        Defendants.
                                       /

Case No. 16-cv-10730

HONORABLE VICTORIA A. ROBERTS

## **ORDER DENYING MOTION FOR MORE DEFINITIVE STATEMENT (ECF No. 15)**

Before the Court is Defendant's Motion for a More Definitive Statement pursuant to Rule 12(e) of the Federal Rules of Civil Procedure. Plaintiff responded and the time for a reply under Local Rule 7.1(e)(1)(C) has passed.

Plaintiffs filed a Complaint that the Court deemed inadequate. The Court ordered Plaintiffs to file an Amended Complaint and Plaintiffs made a satisfactory filing pursuant to that order. Nevertheless, Defendants assert that the allegations contained in the Amended Complaint do not afford them a sufficient understanding of the nature of the suit. Defendants request a more definitive statement. Specifically, Defendants assert that the First Amended Complaint is devoid of any factual allegations regarding actual projects on which they allegedly used union labor without making fringe benefit contributions to Plaintiffs. Defendants also seek the names of individual union members who were allegedly employed. Plaintiffs disagree and argue that the First Amended

Complaint provides sufficient detail and also that Defendants have had the notice they seek for several months, as evidenced by emails exchanged by the parties.

Federal Rule of Civil Procedure 8(a) requires that a pleading which sets forth a claim for relief set forth a short and plain statement of the grounds upon which the court's jurisdiction depends, a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for judgment for the relief sought. FED. R. CIV. P. 8(a). The pleading must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). To effectuate the mandate of Rule 8(a), Rule 12(e) permits a court, on a party's motion, to order "a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." FED. R. CIV. P. 12(e); *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514, 122 S. Ct. 992, 152 L. Ed. 2d 1 (2002).

"Motions for a more definite statement are generally disfavored, since much opportunity is afforded to both parties under the 'notice pleading standards of Rule 8(a)(2) and the opportunity for extensive pretrial discovery.'" *Flagstar Bank, FSB v. Gulfstream Bus. Bank, Inc.*, No. 2:13-cv-12136, 2013 WL 6017977, at *7 (E.D. Mich. Nov. 13, 2013) (quoting *E.E.O.C. v. FPM Group, Ltd.*, 657 F. Supp. 2d 957, 966 (E.D. Tenn. 2009)); *see also Nykoriak v. City of Hamtramck*, No. 14-cv-11954, 2014 WL 5088872, at *1 (E.D. Mich. Oct. 8, 2014); FED. R. CIV. P. 8(a)(2), (f). The Court already found Plaintiff's First Amended Complaint complies with the Court's order; this implies that it fulfills Rule 8 requirements. It is not "so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading." FED. R. CIV. P. 12(e).

The First Amended Complaint provides adequate detail to provide Defendant's notice of the grounds of the suit. It alleges the exact amount of indebtedness, broken down by fringe benefit contributions, liquidated damages, and interest then owing. It specifies the months when the indebtedness allegedly occurred. To the extent Defendants lack clarity about the claims, Plaintiffs' Response and emails submitted as exhibits to their Response state the names of the clients and projects pertaining to the indebtedness, thus further clarifying the nature of the claims brought.

The Court will not require Plaintiffs to file a second amended complaint to more fully put Defendants on notice of the facts of the suit. Instead, the Court finds guiding Plaintiffs' suggestion that discovery is the appropriate avenue through which Defendants concerns might be allayed. Defendants' Motion for a More Definitive Statement is **DENIED**.

**IT IS ORDERED.**

　　　　　　　　　　　　　　　　　　　　　　　 /s/ Victoria A. Roberts
　　　　　　　　　　　　　　　　　　　　　　　Victoria A. Roberts
　　　　　　　　　　　　　　　　　　　　　　　United States District Judge

Dated:  June 22, 2016

| |
|---|
| The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on June 22, 2016.<br><br>s/Linda Vertriest<br>Deputy Clerk |